JANUARY TERM, 1881, No. 197.                    MARCH 1, 1882.

## Evans *versus* Leis *et al.*

A. executed and delivered to B. a bond for seventeen hundred pounds upon the condition that, Whereas, the said A. is intermarried with C., the daughter of the said B., and the said B. hath this day paid and advanced to the said A. the sum of eight hundred and fifty pounds, to be retained upon the following conditions, to wit: The said A. and wife shall hold the same without interest during the lifetime of his said wife C., but in case she should die before her husband, then the same shall be paid to her heirs as in case of intestacy; provided always, nevertheless, that if the said C. shall have a child at any time during the continuance of the marriage with her present husband, that immediately thereupon, if the child be living, the said whole sum of eight hundred and fifty pounds shall be considered as paid to her as part of her portion due to her out of the estate of her said father; and provided, also, that if the said C. should die before her husband without having any children, that in one year after decease, he shall repay to the said B. the sum of six hundred and sixty-six pounds, thirteen shillings, and four pence, part of the said sum of eight hundred and fifty pounds, and the residue thereof to be retained by the said A., as part of his wife's portion due out of the estate of her said father. The mortgage to secure the bond recited that it was "to be paid if certain events in the condition of said bond mentioned shall take place." C. never had a

[Evans *v.* Leis *et al.*]

child, survived her husband and died. *Held*, in a *scire facias* upon the mortgage by the administrator of B., that the contingencies upon which the money was to be paid never arose, and that plaintiff could not recover.

Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Berks County.*

*Scire facias sur* mortgage by Charles V. R. Evans, administrator *de bonis non cum tes'amento annexo* of John Van Reed, deceased, against Henry Leis and Daniel Schell, terre tenants.

Upon the trial in the Court below, before HAGENMAN, P. J., the following facts appeared:

On the 10th of April, 1820, Henry Leis entered into a bond to John Van Reed, Senior, in the following form:

" Know all men by these presents, That I, Henry Leis, of Alsace Township, Berks County, and State of Pennsylvania, miller, am held and firmly bound unto John Van Reed, Senior, of Heidelberg Township, county and State aforesaid, in the sum of seventeen hundred pounds, lawful money of the United States, to be paid to the said John Van Reed, Senior, his certain attorney, executors, administrators, or assigns, to which payment, well and truly to be made, I do bind myself, my heirs, executors, and administrators, and every of them, firmly by these presents.

"Sealed with my seal, dated the tenth day of April, in the year of our Lord one thousand eight hundred and twenty.

" The condition of this obligation is such, that, whereas the said Henry Leis is intermarried with Hannah, the daughter of the said John Van Reed, Senior, and the said John Van Reed, Senior, hath this day paid and advanced to the said Henry Leis the sum of eight hundred and fifty pounds, to be retained upon the following conditions, to wit: The said Henry Leis and wife shall hold the same without interest during the lifetime of his said wife Hannah, but in case she should die before her husband, then the same shall be paid to her heirs as in case of intestacy, provided always, nevertheless, that if the said Hannah shall have a child at any time during the continuance of the marriage with her present husband, that immediately thereupon, if the said child be living, the said whole sum of eight hundred and fifty pounds shall be considered as paid to her as part of her portion due to her out of the estate of her said father. And provided, also, that if the said Hannah should die before her husband without having any children, that in one year after her decease he shall repay to the said John Van

Reed, Senior, the sum of six hundred and sixty-six pounds, thirteen shillings, and four pence, part of the said sum of eight hundred and fifty pounds, and the residue thereof to be retained by the said Henry Leis as part of his wife's portion due out of the estate of her said father. That then this obligation to be void and of none effect, or otherwise to be and remain in full force and virtue."

To secure this bond he gave a mortgage upon a grist-mill, saw-mill, and tract containing about fifty acres of land in Alsace Township, Berks County, and a tract of about four acres of woodland in the same township.

The mortgage recited that it was "to be paid if certain events in the condition of said bond mentioned shall take place, as in and by the said obligation and condition thereof, relation being thereunto had, more fully and at large appears."

Hannah Leis survived her husband, Henry Leis. She died in 1864, never having had a child.

The plaintiff after giving these facts in evidence, rested.

The Court entered a judgment of nonsuit.

A motion to take off the nonsuit was then made, which the Court, January 31st, 1881, overruled, filing an opinion as follows:

" Henry Leis was married to a daughter of John Van Reed, Senior. On the 10th day of April, 1820, his father-in-law 'paid and advanced' to him the sum of eight hundred and fifty pounds. It is apparent that the reason of this advancement was that Henry Leis was a husband of his daughter Hannah. This is made perfectly clear by the recital in the bond: ' Whereas, the said Henry Leis is intermarried with Hannah, the daughter of the said John Van Reed, and the said John Van Reed, Senior, hath this day paid and advanced to the said Henry Leis,' etc.

" At the time he 'paid and advanced' to Henry Leis this sum he took a bond and mortgage from him. The administrator *d. b. n. c. t. a.* of John Van Reed issued a *scire facias* on the mortgage. The mortgage says : ' Conditioned for the payment of eight hundred and fifty pounds, to be paid if certain events in the condition of said bond mentioned shall take place.' What were the conditions of the bond ? The money was to be retained upon the following conditions:

" 1. Henry Leis and his wife were to hold it without interest during the lifetime of the wife.

" 2. In case of her death before her husband, it was to be paid to her heirs as in case of intestacy.

" 3. If Hannah shall have a child with Henry Leis, then if

[Evans *v.* Leis *et al.*]

the child be living, the whole sum shall be considered as paid to Hannah on account of her portion in her father's estate.

"4. If Hannah should die before Henry Leis, without leaving any children, in one year after her death he was to pay six hundred and sixty-six pounds, thirteen shillings, and four pence, and to retain the balance as part of his wife's portion had out of the estate of her said father.

" Instead then of the words ' held and firmly bound unto,' which are those contained in a bond for the loan of money, the words ' paid and advanced ' are here used, clearly indicating that the transaction was not a loan to Henry Leis, but an advancement to him in right of his wife. The object of the mortgage was to protect the wife's estate in the event of her death in the lifetime of her husband, but nothing is said about a repayment of the money in the event of his death in the lifetime of the wife without children. Henry Leis died over forty years ago without children. Hannah, the wife, died in 1864, without children. In 1878, an administrator was raised on the estate of John Van Reed, and he attempts to collect this money. In the judgment of the Court the contingencies under which the money was to be paid never arose, and as it was to be ' retained ' on every other contingency than those expressly enumerated, the plaintiff cannot recover."

The plaintiff then took out a writ of error, assigning as error the refusal of the Court to set aside the nonsuit.

*E. B. Wiegand* and *Richmond L. Jones,* for plaintiff in error.

The error upon which the Court below proceeded, in the matter of this bond, was in looking to the condition and not to the obligation for the promise to pay. The learned judge says: " Instead then of the words ' held and firmly bound unto,' which are those contained in a bond for the loan of money, the words ' paid and advanced ' are here used," whilst a reference to the obligation shows, as a simple matter of fact, that the words " held and firmly bound unto" are used, and that the words " paid and advanced " are not.

These words, " paid and advanced," are found neither in the obligation nor in the condition proper, but in a preamble to the condition.

The recital of the marriage of his daughter to Leis, in connection with which the words "paid and advanced " are used, has plain reference to the contingency of her having a child with Leis, in which event it is stipulated in one of the conditions that " the said whole sum of eight hundred and fifty

pounds shall be considered as paid to her as part of her portion due to her out of the estate of her said father." Now, in the face of this express declaration that the eight hundred and fifty pounds, which the mortgage was given to secure, shall only be considered as part of her portion, or as an advancement in the event of her having a child, the Court below says that these words " paid and advanced " " clearly indicate that the transaction was not a loan to Henry Leis, but an advancement to him in right of his wife," although she never had a child, and although the very condition upon which it was to be treated as an advancement was not fulfilled.    Again, the presumption of its being an advancement to Leis is as plainly rebutted in the other condition, which provides that if Leis should survive his wife (there being no child), he should, one year after her death, pay six hundred and sixty-six pounds of this debt to Van Reed, and retain the balance as part of his wife's portion out of her father's estate.    The reasoning of the Court leads to the most improbable conclusion, that Van Reed, the mortgagee, intended that, after the death of his daughter, the mortgaged premises if in the hands of Leis, his son-in-law, should pay three-fourths of this debt, but if in the hands of strangers should pay nothing at all.

The meaning of the whole transaction is obvious.    Van Reed having loaned to Leis eight hundred and fifty pounds, took a bond and mortgage to secure the payment of the loan · upon the death of his daughter, Mrs. Leis, and then provided that, if in the meantime a child should be born to them, his daughter might keep the money, and failing of issue— if she should die before Leis—he should pay six hundred and sixty-six pounds, and keep the balance.    Neither of those exceptions happened, and, of course, the mortgaged premises must pay the debt.

Where a bond is conditioned for the payment of a certain sum, and no time is fixed in it for payment, it is in law a covenant for immediate payment:    Rhoads *v.* Reed, 8 N., 436;    Tuckey *v.* Hawkins, 56 E. C. L. R., 655.

*George F. Baer* and *H. Van Reed*, for defendants in error.

In the mortgage itself, the intention of the parties as to the repayment of the money is clearly set forth.    It says: " Conditioned for the payment of eight hundred and fifty pounds, to be paid if certain events in the condition of said bond mentioned shall take place as in and by the said obligation and condition thereof, relation being thereunto had, more fully and at large appears."

Now, the force of the obligation was that the money was

to be paid only on the happening of certain events. What were those events, and did they happen?

*First:* " The said Henry Leis and wife shall hold the same without interest during the lifetime of his said wife Hannah, but in case she should die before her husband, then the same shall be paid to her heirs as in case of intestacy."

. She did not die before her husband, and under this condition the money is not to be repaid.

*Second:* " If the said Hannah shall have a child at any time during the continuance of the marriage with her present husband, that immediately thereupon, if the said child be living, the said whole sum of eight hundred and fifty pounds shall be considered as paid to her as part of her portion due to her out of the estate of her said father."

The event provided for here did not happen, and the clause is only of importance as fully confirming the fact that it was intended as an advancement and not as a loan.

*Third:* " If the said Hannah should die before her husband without having any children, that in one year after her decease, he shall repay to the said John Van Reed, Senior, the sum of six hundred and sixty-six pounds, thirteen shillings, and four pence, part of the said sum of eight hundred and fifty pounds, and the residue thereof to be retained by the said Henry Leis as part of his wife's portion due out of the estate of her said father."

Hannah did not die before her husband, and therefore the events herein provided for do not make the bond payable.

As neither of the events mentioned took place, by the very terms of the bond and mortgage it is not payable.

MARCH 13TH, 1882.—PER CURIAM: The bond showed that the amount secured by it was really an advancement to the wife of the obligor, and the condition very clearly indicates that it was to be paid only if one of the events mentioned should take place. Now the event which has taken place, namely, the death of Henry Leis before his wife without leaving any children, is not among these events. It is evident, then, that the charge of the Court below was right.

Judgment affirmed.